1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                   CENTRAL DISTRICT OF CALIFORNIA

10

11   JUNG WON YUN,                                    Case No.: 2:21-cv-08901-MEMF(JPRx)

12                          Plaintiff,                **ORDER TO SHOW CAUSE WHY THE
                                                      COURT SHOULD NOT DECLINE TO
13           v.                                       EXERCISE SUPPLEMENTAL
                                                      JURISDICTION OVER PLAINTIFF'S
14                                                    STATE LAW CLAIMS**
     ROYAL APARTMENTS, et al.,
15
                            Defendants.
16

17

18

19

20          On November 12, 2021, Plaintiff Jung Won Yun filed a Complaint against Defendants Royal

21   Apartments Company, 123 Moving and Storage Company, and Does 1 –10 asserting: (1) a claim for

22   damages and injunctive relief arising out of an alleged violation of the California Health and Safety

23   Code, CAL. HEALTH & SAFETY CODE §§ 19955, et. seq; (2) a claim for damages pursuant to

24   California's Unruh Civil Rights Act ("Unruh Act"), CAL. CIV. CODE §§ 51–52 et seq.; (3) a claim for

25   injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"),

26   42 U.S.C. §§ 12010–12213; and (4) a claim for negligence. ECF No. 1.  The Complaint alleges that

27   this Court has jurisdiction over the ADA claim pursuant to 28 U.S.C. §§ 1331 and 1343, and that the

28

                                                      1

1  state law claims are brought "under parallel California law – arising from the same nucleus of

2  operative facts." *Id.* ¶¶ 3–5.

3      On November 17, 2021, the Court ordered Plaintiff to show cause as to why the Court should

4  exercise supplemental jurisdiction over Plaintiff's Unruh Act or other state law claims. ECF No. 9.

5  On November 29, 2021, Plaintiff filed a preliminary response to the Order to Show Cause indicating

6  that rather than formally respond to the Order, he intended to file a first amended complaint in which

7  he would "consider/reflect the implications of the order." ECF No. 14 at 2. On January 24, 2022,

8  Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 19. On February 11, 2022, pursuant to

9  an order of the Chief Judge, this case was reassigned to this Court. ECF No. 20.

10     Principles of pendent jurisdiction have been codified in the supplemental jurisdiction statute,

11  28 U.S.C. § 1367.  The supplemental jurisdiction statute "reflects the understanding that, when

12  deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in

13  each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness,

14  and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added)

15  (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

16     California law sets forth a heightened pleading standard for a limited group of lawsuits

17  brought under the Unruh Act. *See* CAL. CIV. PROC. CODE § 425.55(a)(2) & (3). The stricter pleading

18  standard requires certain plaintiffs bringing construction-access claims like the one in the instant

19  case to file a verified complaint alleging specific facts concerning the plaintiff's claim, including the

20  specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff

21  encountered each barrier or was deterred. *See* CAL. CIV. PROC. CODE § 425.50(a). A "high-frequency

22  litigant fee" is also imposed on certain plaintiffs and law firms bringing these claims. *See* CAL.

23  GOV'T CODE § 70616.5.

24     Having reviewed the FAC, and in light of the foregoing, the Court orders Plaintiff to show

25  cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim,

26  the California Health and Safety Code claim, and the negligence claim. *See* 28 U.S.C. § 1367(c). In

27  responding to this Order to Show Cause, Plaintiff shall identify the amount of statutory damages

28  Plaintiff seeks to recover. Plaintiff and his counsel shall also support their responses to the Order to

2

Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Code of Civil Procedure §§ 425.55(b)(1) & (2).

Plaintiff shall file a Response to this Order to Show Cause by May 12, 2022. The failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court declining to exercise supplemental jurisdiction over the Unruh Act claim, the California Health and Safety Code claim, and the negligence claim pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

Dated: April 21, 2022

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge